**EXHIBIT 1**


**RECEIVER'S FINAL REPORT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO.** |
| | ) **2:13-cv-00653-MSD-LRL** |
| | ) |
| **v.** | ) |
| | ) |
| **WATERSIDE CAPITAL CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**FINAL RECEIVER'S REPORT
FOR THE PERIOD JUNE 1, 2016 THROUGH MAY 18, 2017**

This Final Receiver's Report ("Receiver's Report") is being filed with this Court by the

U.S. Small Business Administration ("SBA"), which was appointed Receiver (the "Receiver") for

Waterside Capital Corporation ("Waterside") pursuant to the Order of this Court dated

May 28, 2014 (the "Receivership Order").

Since the inception of the Waterside receivership, the Receiver has submitted various

motions to this Court regarding specific matters relating to Waterside and its assets. This

Receiver's Report is the third comprehensive report to the Court detailing the activities of the

Receiver and summarizing the cash position of the receivership. The attached accounting schedule

(Exhibit A) reflects cash activities from June 1, 2016 thru April 19, 2017, as well as from the

inception of the receivership, May 28, 2014 through April 19, 2017.

This Receiver's Report also confirms completion of procedures associated with the Order

of this Court entered on March 20, 2017 (the "Wind Up Order") for the winding up of the

Waterside Receivership. Pursuant to the Wind-Up Order, the Receiver was ordered to perform

tasks necessary to wind up the Receivership within sixty (60) days of the entry of the Wind-Up Order. Those tasks were completed on May 18, 2017.

## I. BACKGROUND

The background of this receivership was described in detail in the Receiver's First and Second Reports. In summary, Waterside is a Virginia Corporation, that was licensed in 1996 as a Small Business Investment Company (hereinafter "SBIC") by SBA to provide loans and equity capital to small business concerns ("SBCs"). SBICs are subject to SBA regulation pursuant to the Small Business Investment Act of 1958, as amended, 15 U.S.C., sec. 661 et seq. ("Act"), and the implementing Regulations, 13 C.F.R. part 107 ("Regulations".)

Pursuant to the Act, SBA provided funds to Waterside through the purchase and/or guaranty of Debentures, as those terms are defined under the Regulations. Subsequently, the outstanding total of the Debentures reached $16,100,000.00. As of May 28, 2014, the date the receivership commenced and the Consent Judgment was entered, the principal balance outstanding was $11,700,000.00. Currently, there remains $10,427,300.35 in principal outstanding, plus unpaid interest on that amount pursuant to the terms of the Consent Judgment. From the start of the receivership through April 19, 2017 the Receivership has remitted $1,274,427.63 to the SBA in partial payment of the judgment amount pursuant to the terms of the Claims Approval Order of this Court dated September 4, 2015.

The Receivership Order provides, inter alia, that this Court take exclusive jurisdiction of Waterside and all of its assets, wherever located, and that SBA is appointed permanent Receiver of Waterside for the purpose of taking control of Waterside's operations and administering and liquidating its assets. In addition, the Receivership Order stayed all legal proceedings involving Waterside or any assets of Waterside, with the exception of two matters pending in Circuit Courts

in Norfolk and Virginia Beach, Virginia, and enjoined all persons from initiating any civil proceedings involving Waterside or any assets of Waterside.

## II. OPERATION OF THE RECEIVERSHIP

### A.    General Operations

The overall function of the Receiver is to identify, marshal and liquidate the assets of Waterside. In furtherance of this objective, the Receiver first obtained information with respect to the business of Waterside and other information relevant to the operations and administration of the receivership by meeting and conferring with the former officers, directors, attorneys, independent accountants and other persons. In addition, the Receiver's agents have analyzed the records maintained by the SBA, and the records maintained by Waterside. Subsequently, the Receiver prepared a schedule and analysis of Waterside's assets, and further analyzed the debts, claims and legal proceedings involving Waterside, whether as claimant or debtor, plaintiff or defendant. During this reporting period, the Receiver collected an aggregate amount of $85,000.00 from the liquidation of Waterside investments. During the entirety of the Receivership, the Receiver collected an aggregate amount of $1,669,483.75 from the liquidation of Waterside investments and assets. Specific actions taken by the Receiver are discussed in greater detail below.

The net proceeds of the liquidation have been used to satisfy the claims of creditors and other parties in interest in the order of priority of such claims, as determined by this Court. Actions taken in the claims process approved by this Court for the Waterside receivership were discussed in previous reports to this Court and are summarized at page 9 of this report.

### B.    Records and Files

During the course of the Receivership, certain books, records and files needed for

Receivership operations were maintained in the Receivership Office. Those records that were not needed immediately were stored at an offsite location in a secured environment. The Wind-Up Order provides for the disposition of both Pre-Receivership and Receivership records of Waterside upon the close of the Receivership. Pursuant to paragraphs 7, 8 and 9 of the Wind-Up Order, the Receiver arranged for the return of certain corporate records to the Waterside shareholders in care of Roran Capital, LLC, and for destruction of certain Waterside pre-receivership records. Such destruction was confirmed on April 27, 2017.

## C.  Receivership Personnel

Pursuant to paragraph 5 of the Receivership Order, the Receiver has retained attorneys, accountants and other professionals to assist the Receiver in effectuating the operation of the receivership, including examining the former operations and financings of Waterside; liquidation of Waterside's assets; pursuing claims of Waterside which may result in monetary recovery; maintaining the books and records of Waterside and the receivership; and preparing state and federal tax returns as well as corporate filings. Specifically, the Receiver retained Charles P. Fulford as principal agent. The Receiver also retained The Riggs Group P.C. to maintain the cash management and banking facilities for the Receiver, and also engaged the accounting firm of PKF O'Connor Davies LLP, to provide accounting and tax return preparation services.

## D.    Accounting and Tax Matters

The Receiver notified all relevant taxing authorities that Waterside had been placed into federal receivership and that this Court has initial jurisdiction of all matters involving the Waterside receivership estate. As of the inception of the receivership, the most recent tax returns filed by Waterside were for the fiscal year ending June 30, 2013. During the period of the Receivership the Receiver has prepared and filed federal and state tax returns for the fiscal years

4

ending June 30, 2014, 2015 and 2016.  In addition, the Receiver has filed federal and state returns reporting wages and funds withheld from wages paid pursuant to the Claims Approval Order of this Court.

## E.  Corporate Compliance

Waterside is a Virginia Corporation, with its principal place of business in Virginia Beach, Virginia.  The Receiver has notified the State Corporation Commission for Virginia that Waterside has been placed into receivership.  The Receiver has also changed Waterside's Registered Agent in Virginia and other jurisdictions where Waterside had, or has, business relationships, and has served notice accordingly.  During the period of this report the Receiver continued to prepare and file reports with appropriate authorities for the Commonwealth of Virginia.   In accordance with the Wind-Up Order of this Court, the Receiver will return control of Waterside Capital Corporation to the shareholders, in care of Roran Capital, LLC.

## F.  Receivership Accounts

During the course of the Receivership, Receivership funds were maintained in an interest bearing account with BB&T Bank in Wilson, North Carolina.  Pursuant to the Wind-Up Order, the Receiver closed the bank account on April 19, 2017, paid final Receivership administration expenses, and transferred the remaining cash balance to the SBA.   The amount transferred to the SBA on April 19, 2017 totaled $274,427.63.   After the account was closed, residual interest of $52.18 was collected and also remitted to the SBA on May 2, 2017.

## G.  Miscellaneous Operational Matters

The receivership is operated from, and maintains all records at, its Receivership Office, located at 1100 G Street, N.W., Suite 200, Washington, D.C. 20005.  The Waterside receivership shares office space, overhead expenses and administrative services with approximately 27 other

receiverships. The rent, overhead expenses and administrative expenses pertaining to the operation of the office are originally disbursed by Recovery Support Services, Inc., the company which holds the lease for the office space. The expenses are then allocated each month, after accounts are reconciled, to the receiverships, including Waterside.

## III. ASSET ACCOUNTS

The actions taken by the Receiver to identify and determine the status of each individual Waterside asset were described in the Receiver's previous reports to this Court. Follow-up work continued with respect to specific assets held at or immediately before the start of the receivership. To the best of the Receiver's knowledge, Waterside's assets at the start of the receivership consisted of cash, debt or equity investments in five (5) SBCs, Judgments against two (2) SBCs and/or their principals, and a small quantity of office equipment. The office equipment was sold at values prevailing in the local market shortly after the start of the receivership.

At the start of the period of this report, Waterside's remaining assets included cash; investments in two (2) SBCs; two (2) promissory notes remaining from the resolution of an SBC investment (Servient, Inc.); and the two judgments awarded before the start of the receivership. The status and actions taken on each asset are described below.

Throughout the receivership, the Receiver has responded to inquiries from parties interested in acquiring individual assets in the Waterside investment portfolio, and has conferred with other investors in the same assets. The Receiver also discussed bulk sale of all remaining assets in a single transaction with third party investors. During the period of this report, the Receiver also obtained a judgment in a case filed by Waterside before the receivership. The status of efforts to resolve remaining assets are described in this report.

## A.   <u>Cash</u>

As discussed above, the Receiver recovered funds in the amount of $617,658.72 at the start

of the receivership. All cash was deposited into an account at BB&T Bank in the name of SBA as

Receiver for Waterside Capital Corporation. At May 31, 2016, the Receiver held funds in the

amount of $468,046.58 in this account. Pursuant to the Wind-Up Order, the Receiver closed the

bank account on April 19, 2017, paid final Receivership administrative expenses, and transferred

the remaining cash balance in the amount of $274,427.63 to the SBA.

## B. Debt and Equity Investments

### 1.    Digital Square, LLC

Digital Square LLC holds Waterside's investment in DDNi, Inc. ("DDNi"), the operating

company which emerged from bankruptcy of a previous Waterside investment. DDNi provides

software and internet access to smaller companies. The terms of obtaining funds from new

investors over the past ten years have forced the Waterside investment to a minor and junior

position. The Receiver evaluated the company's financial situation and value, and concluded that

the use of additional receivership resources in further pursuit of recovery was not in the best

interest of the receivership estate.

### 2. Rileen Innovative Technologies, Inc. ("Rileen")

Rileen provides devices to identify and verify individuals through a combination of

fingerprint, facial and iris scan technologies. All of the original debt investment by Waterside in

Rileen was recovered before the start of the receivership. A residual equity position remains.

Before the period of this report the President and majority owner of Rileen offered $15,000 for the

Waterside common shares, and the Receiver evaluated and accepted the offer.

However, neither the offeror nor other investors in Rileen were able to raise the funds to complete

the transaction. The Receiver concluded that the use of resources to seek other solutions was not

in the best interest of the receivership estate.

### C. Assets Resolved Prior to the Period of this Report

1.     **Americomm, LLC.** As discussed in the First Receiver's report, ECF No. 41-1, at p. 7, Waterside's interest in Americomm, LLC was assigned back to the company for $4,000. The transaction was completed and no further recovery is expected.     **2.**

**New Dominion Pictures, Inc. ("NDP").**

On January 4, 2016, NDP obtained a written commitment from a financial institution for a loan in the amount of $2.3 million. A Debt Settlement Agreement was approved and executed by the Receiver. On January 21, 2016, $750,000 was wired to the Receiver's Trust Account. The total recovery by the Receiver, including the agreed settlement amount and continuing interest payments throughout the receivership, was in the amount of $930,156.

3.     **Servient, Inc.**

In February 2015, the principal of Servient and a third-party investor agreed to a buy-out alternative presented to them by the Receiver. Specific terms were subsequently negotiated, including a buy-out of all Waterside interests in Servient for a cash payment in the amount of $650,000 and issuance of two promissory notes in the principal amount of $75,000 each, due in 1 and 2 years, respectively. The notes are obligations of Servient and personally guaranteed by the principal of Servient and the new investor.

In July 2015, the Receiver filed a Motion for an Order Approving Buyout Agreement of Servient, Inc. The motion was granted by Order entered by this Court on August 25, 2015. On September 10, 2015, the Receiver received the $650,000 cash payment. In August 2016, the first of the notes was paid in full pursuant to its terms. The remaining note, in the principal amount of $75,000, was assigned to the SBA pursuant to the Wind-Up Order of this Court.

## IV. LIABILITIES OF WATERSIDE

### A. **Claims Bar Date Procedure**

In February, 2015, pursuant to the January 29, 2015 order of this Court (the "Claims Order"), the Receiver solicited claims against Waterside and this Receivership for submission by the Claims Bar Date of solicited claims against Waterside, the receivership estate, and assets or funds in the possession of the Receiver.

The Receiver filed a Motion for Entry of an Order Approving the Receiver's Recommendation of Disposition of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Proceedings.  Such motion was granted and the Court entered its Order Approving the Receiver's Recommendation of Disposition of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Proceedings on September 4, 2015 (the "Claims Approval Order").

In November 2015, the Receiver paid all approved general claims in the total amount of $8,418.64 and subsequently paid and filed reports for federal and state withholding taxes due on the two (2) approved claims for wages included therein.  In February 2016, the Receiver made a payment to SBA in the amount of $1,000,000.00 in partial satisfaction of the SBA Judgment against Waterside, as permitted by the terms of the Claims Approval Order.

The claims solicitation, evaluation and approval process directed by the Bar Date Order has been completed.  In accordance with paragraph 8 of the Bar Date Order, any person who failed to file a claim against Waterside, the Receivership estate, or assets or funds in the hands of the Receiver in accordance with the provisions of the Bar Date Order, is forever barred and enjoined from asserting, pursuing, or prosecuting such claims against Waterside, the Receiver or assets or funds in the possession of the Receiver.

## V. LITIGATION

Pursuant to paragraph 7 of the Receivership Order, all litigation or prospective litigation involving Waterside has been stayed with the exception of two cases discussed below (*Waterside v. Businessventures.com*, and *Waterside v. Paul Dietrich*), A third case, *Waterside v. International Wood/Sonak Management*, was reduced to a Judgment before the start of the receivership. Throughout the receivership, the Receiver was not aware of any other litigation involving Waterside.

A.   **Waterside Capital Corporation v. Paul Dietrich; Commonwealth of Virginia, Circuit Court for the City of Norfolk, Case # CL12 6115. (the "Eaton Court Case")**

The background and previous actions taken in the Eaton Court Case was described in the Receiver's First Report. Negotiations and verification of information continued into the period of the current report. In June, 2016, the Receiver and Dietrich entered into a Settlement Agreement whereby the Receiver agreed to accept a cash payment in the amount of $10,000.00 in satisfaction of the Waterside Judgment. The funds were received and deposited in the Receiver's Trust Account and are reflected in the attached summary of receipts and disbursements covering the period through April 19, 2017.

B.   **Waterside Capital Corporation v. Businessventures.com and Rick Rahim; Commonwealth of Virginia, Circuit Court for the City of Virginia Beach, Case No. CL 13 2061). (the "Laser Nation" case).**

Before the start of the receivership, the Waterside investment in a portfolio company (Laser Nation) was in default on its obligations to Waterside. A portion of the funds owed Waterside was recovered, and the balance was charged off. An action was then filed against Rick Rahim, principal of the company providing a promissory note as collateral for the original loan from Waterside. The amount of Waterside's claim was based on unpaid principal and interest of

approximately $395,000.

Discussions between counsel representing Rahim and local counsel retained by the Receiver continued during the receivership. In May, 2016, the Receiver agreed to a defense motion requesting transfer of the case from Circuit Court in Virginia Beach, Virginia to Northern Virginia (Fairfax County), the location of Rahim's BusinessVentures.com business and personal assets. The defendant's counsel subsequently resigned from the case. On January 11, 2017, the defendant, pro se, once again failed to appear at a scheduled hearing, the court awarded a judgment in the principal amount of $323,124.11 in favor of Waterside. Based on information gathered throughout the receivership, the Receiver concluded that the costs of recovery are not justified by the expected recovery.

C.   **Waterside Capital Corporation v. Sonak Management, LLC and Edward G Gleason; Commonwealth of Virginia, Circuit Court for the City of Norfolk, Case No. CL08007313. (the "International Wood" case).**

Waterside's initial investment in International Wood, Inc., which is defunct, was written off. At the start of the receivership Waterside held a Judgment against Edward Gleason, a guarantor of the International Wood loan, and Sonak Management, a company controlled by Gleason. The Judgment is in the amount of $579,953.14. The Judgment has been recorded in New York City (location of Sonak Management), Nassau County, New York (residence of Gleason) and in Texas, where Sonak was believed to own real property. Waterside determined pre-receivership that pursuit of these avenues of recovery would be costly and have limited upside potential.

Consistent with the estimated recovery potential and expected costs of recovery on this asset, the Receiver concluded that further efforts were not in the best interest of the receivership estate.

## VI. RECEIPTS AND DISBURSEMENTS

The attached schedule (Exhibit A to the Receiver's Report) sets forth receipts and disbursements for the period from June 1, 2016 through April 19, 2017 and from the start of the Receivership (May 28, 2014) through April 19, 2017.   The net cash gain from Receivership operations from the inception date of May 28, 2014 through April 19, 2017 was $665,187.55. During the period of the receivership, and pursuant to the terms of the Claims Approval Order of this Court, the Receiver distributed $1,274,427.63 to the SBA in partial satisfaction of the SBA Judgment, and an additional $8,418.64 in full satisfaction of approved general creditor claims.

This Receiver's Report was prepared by Charles P. Fulford, Principal Agent for the Receiver, with accounting information provided by PKF O'Connor Davies, LLP, accountants to the Receiver.

Respectfully submitted,
UNITED STATES SMALL BUSINESS ADMINISTRATION
Receiver for Waterside Capital Corporation

Dated: JUNE 6, 2017        By: _____
                                Charles P. Fulford
                                Principal Agent for the Receiver

EXHIBIT A to EXHIBIT 1


SUMMARY OF CASH RECEIPTS
AND DISBURSEMENT

EXHIBIT A

**SBA Receiver for**
**Waterside Capital**
**Corporation**          Summary of Cash Receipts and Disbursements

| | | June 1, '16 - April 19, '17 | May 28, '14 - April 19, '17 |
|---|---|---|---|
| 1. | Cash on Hand at the Beginning of Period: | $   468,046.58 | $   617,658.72 |
| 2. | Receivership Operations | | |
| | A. Receipts from Receivership Operations: | | |
| | Americomm | 0.00 | 4,000.00 |
| | New Dominion Pictures | | 930,156.75 |
| | Servient | 75,000.00 | 725,000.00 |
| | Eton Court | 10,000.00 | 10,000.00 |
| | Sale Of Office Equipment | 0.00 | 327.00 |
| | Interest on Receiver's Bank Account | 192.18 | 206.76 |
| | **Total Receipts from Receivership Operations** | $   85,192.18 | $   1,669,690.51 |
| | B. Disbursements from Receivership Operations: | | |
| | Operational Disbursements | | |
| | Agent Fees | 118,071.98 | 334,475.17 |
| | Accting/Bookeeping | 82,987.99 | 202,648.59 |
| | Rent/Overhead Allocation | 30,954.82 | 81,099.49 |
| | Legal Services | 7,278.50 | 26,828.56 |
| | IT/Systems Support | 12,006.99 | 29,400.39 |
| | Admin Services | 11,604.79 | 21,948.63 |
| | Travel Expenses | 726.63 | 5,987.29 |
| | Shareholder Services | 5,039.03 | 18,554.14 |
| | State Corp Comm - Annual Fees · Corpate Compliance | 198.80 | 4,351.07 |
| | Filing Fees | 1,882.00 | 1,882.00 |
| | Self Storage Rent -Storage/Move | 1,378.59 | 4,402.39 |
| | Bar Date Notice | 0.00 | 1,504.80 |
| | Delivery & Messenger Services | 626.87 | 3,271.97 |
| | Copying Costs | 0.00 | 743.00 |
| | Payroll Services | 82.45 | 2,811.31 |
| | Bank Service Fee Charges | 994.58 | 2,597.93 |
| | Postage | 689.83 | 2,590.44 |
| | Internet Service Expense  Communication Exp | 156.03 | 447.14 |
| | Misc Operating | 3,100.00 | 3,100.00 |
| | Research Fees | 1,031.25 | 1,031.25 |
| | Office Supplies | 0.00 | 127.40 |
| | **Sub-Total Operational Disbursements** | $   278,811.13 | $   749,802.96 |
| | C. Other Disbursements: | | |
| | Loan Advances to Servient, Inc. | 0.00 | 250,000.00 |
| | Deposit On Office Space | 0.00 | 4,000.00 |
| | Computer Equipment | 0.00 | 700.00 |
| | **Sub-Total Other Disbursements** | $   - | $   254,700.00 |
| | **Total Disbursements from Receivership Operations:** | $   278,811.13 | $   1,004,502.96 |
| | **Net Cash gain (loss) from Receivership Operations** | $   (193,618.95) | $   665,187.55 |
| 3. | Distributions: | | |
| | Payment On SBA Judgement | 274,427.63 | 1,274,427.63 |
| | Bar Date Claims Paid | 0.00 | 8,418.64 |
| | **Sub-Total Other Disbursements** | $   274,427.63 | $   1,282,846.27 |
| 4. | Cash on Hand at the End of Period: April 19, 2017 | $   - | $   - |